**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JONATHAN L. HAMEL, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:08-cv-1144-B |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on July 7, 2008. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On April 8, 2005, plaintiff Jonathan L. Hamel, Jr. filed an application for disability insurance benefits and Supplemental Security Income ("SSI"), claiming disability due to degenerative joint disease, depression, and anxiety. (Administrative Record (hereinafter "Tr.") at 21). He alleged a disability onset date of January 1, 2003, and later amended his onset date to April 8, 2005. (Tr. at 460).

His claim was denied by the state agency initially and on reconsideration, after which he requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a hearing on April 30, 2007 (Tr. 457-482), at which Hamel appeared with counsel. Hamel testified on his own behalf. The ALJ also received testimony from Hamel's wife, Freda Hamel, and from a vocational expert ("VE"), Suzette Skinner (Tr. 470-73; 476-81). On June 7, 2007, the ALJ

denied Plaintiff's request for benefits, finding that his medically determinable impairments did not prevent him from performing other work existing in significant numbers in the national economy, such as that of a potato chip inspector or surveillance system monitor. (Tr. 25).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on May 6, 2008, the Appeals Council denied his request. (Tr. 5-7). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed his federal complaint on July 7, 2008. Defendant filed an answer on September 12, 2008. On November 11, 2008, Plaintiff filed his brief, followed by Defendant's brief on January 30, 2009. Plaintiff filed a reply brief on February 16, 2009.

<u>Standard of Review - Social Security Claims</u>:  When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

Discussion:   To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505, 416.905(a). Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Under the first four steps, a claimant has the burden of proving that his disability prevents him from performing his past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). This burden may be satisfied either by reference to the Medical-Vocational Guidelines ("Grid Rules") of the regulations, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, or by expert vocational testimony or other similar evidence. *See*, *e.g.*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the present case, the ALJ proceeded to step five. He found that Hamel has severe impairments including degenerative joint disease in his right elbow, depression, and anxiety, and that these impairments would prevent him from returning to his past work as an electrician or vending machine service technician. (Tr. at 21, 24). The ALJ noted Hamel is 50 years old and

has an eleventh-grade education and a GED. (Tr. at 24, 461). The ALJ heard testimony from Hamel that he is unable to work because he loses grip in his right hand and is uncomfortable around people, (Tr. 474-76); however, the ALJ noted the daily activity questionnaires completed by Hamel indicate he is capable of bathing, dressing, and taking care of his personal needs, and he walks and does some yard work for exercise (Tr. 23, 115-20). The ALJ found, based upon the testimony of the VE, that there were jobs which existed in significant numbers in the national economy that Hamel could perform, considering his age, education, work experience, and residual functional capacity (RFC). The jobs listed by the VE were surveillance systems monitor with 11,000 jobs nationally and 750 in Texas, and potato chip inspector with 20,000 jobs nationally and 2,000 in Texas. (Tr. 24-25, 477-481). In concluding that Hamel could perform these occupations, the VE considered the ALJ's hypothetical question, taking into account Plaintiff's limited use of his right hand and that he "can make decisions, he can attend and concentrate for extended periods on simple, repetitive tasks." (Tr. at 478). Based upon the VE's testimony, the ALJ concluded that Hamel was not under a disability and denied his claim for benefits. (Tr. 24-25).

      Plaintiff argues the ALJ failed to carry the step five burden to show Hamel retained the ability to adjust to work existing in significant numbers in the National Economy because the ALJ did not address a conflict between the job descriptions in the Dictionary of Occupational Titles (DOT) and the abilities of the Plaintiff set forth in the ALJ's hypothetical to the VE limiting him to "simple" and "repetitive" tasks (Tr. at 478-480) or to fingering "occasional[ly] or less" (Tr. at 477).

Plaintiff alleges the surveillance system monitor job, as set out in the DOT description, requires a higher reasoning level than that which the VE attributed to the position, and that the job of a potato chip inspector requires more fingering than the VE suggested.  He refers to Social Security Ruling (S.S.R.) 00-4p, which states that occupational evidence provided by a VE generally should be consistent with the occupational information supplied by the DOT, and the ALJ should inquire on the record into any inconsistencies.  Defendant contends that the data contained in the DOT neither contradicts the VE's description of the jobs, nor the VE's opinion that Hamel could perform the two jobs given his functional capacity.  (Def. Br. 4-8).  With respect to the reasoning level required for performing as a surveillance system monitor, the VE was asked to assume that Hamel was capable of making decisions, he can attend and concentrate for extended periods on simple, repetitive tasks comprising one or two steps and that he had the equivalent of a twelfth grade education.  (Tr. 478).  In discussing the Plaintiff's limitations, the VE noted in her testimony that Plaintiff's limited use of his hand would preclude him from most inspection or quality control occupations, such as candy and chewing gum inspector, due to the need to pick up and move multiple items to different areas using both hands.  (Tr. at 479-81).  However, she stated the job of a potato chip sorter was one the Plaintiff could perform, and would entail observing potato chips on a conveyor and removing chips that are burned, discolored, or cracked.  *Id*.  "The value of a vocational expert is that [s]he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed. A vocational expert is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields v. Bowen*, 805 F.2d 1168

5

at 1170 (5th Cir., 1986).  "[T]his Court has acknowledged that the DOT job descriptions should not be given a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job." *Carey v. Apfel*, 230 F.3d 131 at 145 (5th Cir., 2000).

In this case, the ALJ considered the medical evidence in the record, the objective testimony of Plaintiff and his wife, and the testimony of the vocational expert at the hearing.  He posed a hypothetical question to the VE setting forth the limitations he accepted as being present, which are supported by the evidence in the record.  Considering the limitations posed by the ALJ, the VE recommended two jobs an individual with Hamel's particular limitations could perform.  The occupational evidence provided by the VE was generally consistent with the occupational evidence supplied in the DOT.  There is substantial evidence to support the ALJ's decision that Plaintiff was capable of performing the jobs identified in the VE's testimony and therefore was not disabled within the meaning of the Social Security Act.  *Fortenberry v. Harris*, 612 F.2d 947 at 950 (5th Cir., 1980).

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and DISMISSING this action with prejudice.  A

copy of this recommendation shall be transmitted to counsel for the parties.

    Signed this 14th day of May, 2009.

                                                                           WM. F. SANDERSON, JR.
                                                          UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.